UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIE SMITH, | ) | CASE NO.: 1:07CV3427 |
| | ) | |
| Petitioner, | ) | JUDGE KATHLEEN M. O'MALLEY |
| | ) | Magistrate Judge George J. Limbert |
| | ) | |
| vs. | ) | |
| | ) | |
| JULIUS WILSON, Warden, | ) | REPORT AND RECOMMENDATION |
| | ) | OF MAGISTRATE JUDGE |
| Respondent. | ) | |

The instant matter is before the undersigned on Respondent's motion to dismiss Petitioner's 28 U.S.C. § 2254 federal habeas corpus petition as a successive petition under 28 U.S.C. § 2244. ECF Dkt. #5. Petitioner, who is represented by counsel, has not filed a response in opposition to Respondent's motion.

For the following reasons, the undersigned recommends that the Court find that Petitioner's instant federal habeas corpus petition is a second or successive petition, GRANT Respondent's motion (ECF Dkt. #5), and DISMISS the instant petition rather than transfer it to the Sixth Circuit Court of Appeals because Petitioner already has a motion pending before the Sixth Circuit for authorization to file a successive petition which raises the same claims as those presented herein.

## I. PROCEDURAL HISTORY

### A. STATE COURT

On October 24, 1995, the jury convicted Petitioner of kidnapping and one count of aggravated murder. ECF Dkt. #1 at 5. The trial court sentenced Petitioner to ten to twenty-five

years in prison on the kidnapping conviction and life imprisonment on the aggravated murder conviction, with the former to run consecutively to the latter. *Id.*

### B. FIRST FEDERAL HABEAS CORPUS PETITION

After the state courts denied his direct appeal, Petitioner, through counsel, filed his first federal habeas corpus petition pursuant to 28 U.S.C. § 2254 on January 17, 2002 in this District in Case Number 1:02CV105. ECF Dkt. #1 in Case Number 1:02CV105. Petitioner raised nine grounds for relief in that petition, all challenging his 1995 convictions. *Id.* On April 24, 2003, United States District Court Judge Kathleen O'Malley issued her Opinion and Judgment Entry denying Petitioner's objections and adopting the Magistrate Judge's Report and Recommendations dismissing Petitioner's grounds for relief. ECF Dkt. #s 21, 22 in Case Number 1:02CV105. The Court further certified that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from its decision would be frivolous, could not be taken in good faith, and therefore found no basis existed upon which to issue a certificate of appealability. *Id.* Petitioner subsequently filed a motion for new trial/motion to alter or amend in the District Court and that Court denied the motion on June 3, 2003. ECF Dkt. #s 23, 25 in Case Number 1:02CV105. Petitioner thereafter filed an appeal to the Sixth Circuit Court of Appeals and that Court denied Petitioner's application for a certificate of appealability. ECF Dkt. #s 26, 29 in Case Number 1:02CV105.

### II. INSTANT FEDERAL HABEAS CORPUS PETITION

On November 2, 2007, Petitioner, through counsel, filed the instant §2254 federal habeas corpus petition challenging his 1995 convictions. ECF Dkt. #1. Petitioner presents the following grounds for relief:

> A. Ground One: Petitioner[sic] right to a fair trial and fundamental fairness, was violated by the trial court's direct involvement in the plea negotiation process which prevented Petitioner from being afforded his right to

>  > receive, consider, accept or reject the prosecution's plea bargain offer.
>
> B. Ground Two: Petitioner Smith received ineffective assistance of counsel when his attorney failed to inform him that the State had made a plea offer.

*Id.* On November 30, 2007, Respondent filed his motion requesting that the Court dismiss Petitioner's instant federal habeas corpus petition as a second or successive petition. ECF Dkt. #5. Petitioner never responded to the motion to dismiss.

### III. LAW AND ANALYSIS

The relevant portion of 28 U.S.C. §2244(b) provides that, "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). The Sixth Circuit Court of Appeals has held that a district court must transfer a successive petition to the Sixth Circuit, regardless of how meritorious the district court believes the claim to be, unless the Sixth Circuit has approved the filing of the petition. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). The Sixth Circuit will then issue certification on a successive petition only if the petitioner establishes a prima facie showing either that the claim sought to be asserted relies on a new rule of constitutional law made retroactive by the United States Supreme Court to cases on collateral review; or that the factual predicate for the claim could not have been discovered previously through the exercise of diligence, and these facts, if proven, would establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty. 28 U.S.C. § 2244(b)(2).

The undersigned recommends that the Court find that the instant petition constitutes a second or successive petition because Judge O'Malley adjudicated the merits of Petitioner's first

habeas corpus petition challenging the same convictions and sentence that he challenges in this petition.

In this case, Petitioner should have filed the instant petition in the Sixth Circuit for an order authorizing this Court to consider the petition because the instant petition is a second or successive petition. Normally, the undersigned would recommend that the Court transfer the instant petition to the Sixth Circuit as a second or successive petition. However, Respondent's counsel points out in her motion to dismiss that Petitioner has already filed a motion in the Sixth Circuit seeking authorization to file a successive petition to raise the same claims that he raises in the instant petition. Respondent's counsel in this case is the same counsel in that case, Sixth Circuit Case Number 07-4358. Respondent asserts that the petition that Petitioner attached to his motion before the Sixth Circuit appears to be identical to the petition filed in this case.

Petitioner does have a second or successive motion pending in the Sixth Circuit Court of Appeals in Case Number 07-4358. However, no further information is retrievable by the undersigned about that motion. Nevertheless, Petitioner has not responded to the instant motion to dismiss and has not contradicted Respondent's representations relating to the pending motion in the Sixth Circuit seeking authorization to file a successive petition which raises the same claims that he raises in this petition. Accordingly, since Respondent's counsel makes these representations as an officer of the court and is counsel in both cases, the undersigned recommends that the Court DISMISS the instant petition rather than transfer it to the Sixth Circuit as a motion for authorization in the Sixth Circuit is already pending on these claims.

## IV. CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Court find that Petitioner's prior federal habeas corpus petition, which included an adjudication on its merits,

qualifies the current federal habeas corpus application as a "second or successive application" under 28 U.S.C. § 2244. Should the Court agree that the instant petition is a second or successive petition which is improperly filed in this Court, it is further recommended that this Court dismiss this matter rather than transfer it to the Sixth Circuit because Respondent's counsel in this case, who is the same counsel in Petitioner's pending case in the Sixth Circuit, represents that the claims presented in the pending motion for authorization to file a second or successive petition in the Sixth Circuit are the same as those presented in this case and Petitioner fails to contradict or otherwise respond to these representations.

Dated: January 25, 2008 /s/George J. Limbert

                                                                                 GEORGE J. LIMBERT
                                                                                 U.S. MAGISTRATE JUDGE

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).