Case: 1:07-cv-03427-KMO  Doc #: 7  Filed: 04/15/08  1 of 3.  PageID #: 60

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **WILLIE SMITH** | : | **Case No. 1:07 CV 3427** |
| Petitioner, | : | |
| | : | **JUDGE KATHLEEN O'MALLEY** |
| v. | : | |
| **JULIUS WILSON, Warden,** | : | **ORDER** |
| Respondent. | : | |

This case arises on the Respondent's motion to dismiss (ECF Doc. 5) Petitioner Willie Smith's ("Smith") petition for a *writ of habeas corpus* pursuant to 28 U.S.C. §2254. Smith's petition challenges the constitutional sufficiency of his conviction for kidnapping and aggravated murder.[1] In the motion to dismiss, the Respondent argues that this is a second or successive *habeas* petition challenging the same convictions Smith challenged in a prior petition,[2] that, at the time the motion

---

[1] He asserts the following two grounds for *habeas* relief:

> Ground One: Petitioner [sic] right to a fair trial and fundamental fairness, was violated by the trial court's direct involvement in the plea negotiation process which prevented Petitioner from being afforded his right to receive, consider, accept or reject the prosecution's plea bargain offer.
>
> Ground Two: Petitioner Smith received ineffective assistance of counsel when his attorney failed to inform him that the State made a plea offer.

(Petition, ECF Doc. 1.)

[2] Smith previously filed a *habeas* petition in this Court in 2002 challenging the same kidnapping and aggravated murder convictions. *See Smith v. Russell*, No. 1:02CV105 (N.D. Ohio 2002) (O'Malley, J.). That petition was denied in April of

to dismiss was filed, a motion for authorization to file a second or successive *habeas* petition was pending in the United States Court of Appeal for the Sixth Circuit, and that the petition attached to that pending motion is identical to the petition Smith filed in this case. (ECF Doc. 5 at 2-3.) Smith has not filed a response opposing the Respondent's motion to dismiss.

Smith's petition was referred to Magistrate Judge George J. Limbert, pursuant to 28 U.S.C. §636(b)(1)(C). In his Report and Recommendation ("R&R") addressing the Respondent's motion to dismiss, Magistrate Judge Limbert recommended that the motion to dismiss be GRANTED and that Smith's petition be DISMISSED. (ECF Doc. 6.) In recommending dismissal, Magistrate Judge Limbert first noted that the motion to dismiss is unopposed, despite the fact that Smith is represented by counsel. (*Id*. at 1.) Second, Magistrate Judge Limbert recommended dismissal rather than transfer to the Sixth Circuit because, at the time the R&R issued, Smith already had a motion for authorization to file a second or successive petition pending before the Sixth Circuit in Sixth Circuit Case No. 07-4358. (*Id*.) Accordingly, Magistrate Judge Limbert concluded that an exception to the general rule under which the petition would be transferred to the Sixth Circuit as a second or successive petition was justified in this case.

The Court's independent review of the docket in Sixth Circuit Case No. 07-4358 confirms that Smith filed a motion for authorization to file a second or successive *habeas* petition on November 9, 2007.[3] The Sixth Circuit denied the motion on March 11, 2008. In fact, the docket in Smith's original *habeas* case includes the Sixth Circuit's March 11, 2008, opinion denying Smith's motion for authorization to file a second or successive petition. (*See Smith v. Russell*, No.

---

2003. *Id*.

[3] In fact, Smith is represented by the same attorney in this case and in Sixth Circuit Case No. 07-4358.

2

1:02CV105 at ECF Doc. 31.) The Sixth Circuit's March 11, 2008, Order clearly indicates that Smith raised the same grounds for relief here as he raised in his motion for authorization to file a second or successive petition filed with the Sixth Circuit. (*Id.*)

Smith has not filed objections to the R&R, which the Court now adopts as its own. The post-R&R developments in Sixth Circuit Case No. 07-4358, moreover, only serve to verify the correctness of the R&R. Because the Court reaches the same conclusions as Magistrate Judge Limbert, upon its own *de novo* review of the record, no further articulation of its reasoning is required. *Tuggle v. Seabold*, 806 F.2d 87, 92-93 (6th Cir. 1986).

Accordingly, Magistrate Judge Limbert's R&R is **ADOPTED**, and Smith's petition for a *writ of habeas corpus* is **DISMISSED**.

*IT IS SO ORDERED.*

|  |  |
|---|---|
|  | s/Kathleen M. O'Malley |
|  | **KATHLEEN McDONALD O'MALLEY** |
| **Dated: April 15, 2008** | **UNITED STATES DISTRICT JUDGE** |